[Dorsey *v.* Dunwoody's Administrators.]

## Benedict Dorsey *against* Richard Tunis *et al.* administrators of John Dunwoody who was special bail of Lewis Lauman.

A recognizance of bail, when the party was fixed for the debt in his lifetime, is entitled to a preference over bond and simple contract debt, within the act of 15th April 1794.

CASE stated for the opinion of the court.

John Dunwoody in his life time, entered into a recognizance of special bail in this court, in the case of Benedict Dorsey *v.* Lewis Lauman, (*prout* record.) Judgment was obtained, a *ca. sa.* returned N. E. I., and *scire facias* issued against John Dunwoody, the special bail, returnable to September term 1802, which was returned served. After John Dunwoody was fixed for the debt, by the return of the *scire facias*, he died, on or about the 15th December 1802.

The question is, whether the plaintiff is, or is not entitled to a preference in payment of his debt to the bond creditors, and simple contract creditors of the deceased, according to the true intent and meaning of the 14th section of the act of assembly, passed April 19th, 1794? If the court shall be of opinion in the affirmative, then judgment is to be entered for the plaintiff, and he is to be paid by the administrators next after the judgment creditors and before the bond creditors; if in the negative, *94]  *judgment is to be entered for the plaintiff, to be paid a rateable proportion with the general creditors of the deceased.

The court desired Mr. T. Ross, the defendants' counsel, to begin the argument.

He admitted, that the act of 19th April 1794, § 14, preferred "recognizances" to bond and common simple contract creditors, (3 St. Laws, 527,) but contended, that such recognizances as the present, were not entitled to a preference. The legislature must have contemplated recognizances, conditioned for the pay ment of debts, and not such as depended on the event of another suit. The act of 4 Ann. 1705, (Miller's edit. 25,) being made *in pari materia,* though now repealed, must be taken into view, as illustrative of the true meaning of the last law. The words in the old law are debts due by recognizances. To effectuate the intention of the legislature, the binding quality of the recognizance, must take effect from the caption. How otherwise can a creditor bring himself within the provision of the same 14th section? He must exhibit his account to the executors or administrators, within twelve months after public notice given in one of the public newspapers of this state. And yet the action in which the deceased became bail, may not be terminated for many years afterwards. By the exposition of the act, as con-

[Hartley's Lessee *v.* M'Anulty.]

tended for by the plaintiff, it must be taken for granted, that in all cases, the estate of a deceased special bail, is to be answerable for the debt in the suit; and this would impute great absurdity to the legislature.

Mr. Hallowell, for the plaintiff, insisted, that executors and administrators were bound to take notice of debts due by record. The ground of the defendants' argument is, that such a recognizance as the present, was not within the contemplation of the legislature. And yet in Campbell *v.* Richardson, 1 Dall. 131, it was adjudged, that a recognizance of bail, was a recognizance within the meaning of the old act of 1705, wherein it is admitted by the defendants' counsel, that the words are stronger for the defendants' purpose than under the present law.

He was then stopped by the court, who said that it was admitted in the case, that the defendants' intestate was fixed for the debt in his life time. The only question submitted, was whether a recognizance under such circumstances, had not a preference over bond and simple contract debts, under the true construction of the act of 1794? There can be no difficulty in saying, that a recognizance by bail is within that act; and it has been so determined under the act of 1705.

Judgment for the plaintiff.